22-6114
Singh v. Garland

BIA
A205 442 726

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 17th day of October, two thousand twenty-three.

PRESENT:
SUSAN L. CARNEY,
WILLIAM J. NARDINI,
STEVEN J. MENASHI,
*Circuit Judges.*

_____

PARGAT SINGH,
*Petitioner,*

v.                                              **22-6114**
                                                NAC

MERRICK B. GARLAND, UNITED STATES ATTORNEY GENERAL,
*Respondent.*

_____

**FOR PETITIONER:**   Jaspreet Singh, Esq., Richmond Hill, NY.

**FOR RESPONDENT:**   Brian M. Boynton, Principal Deputy Assistant Attorney General; Anthony C. Payne, Assistant Director; Liza S. Murcia, Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Pargat Singh, a native and citizen of India, seeks review of a February 9, 2022 decision of the BIA denying his motion to reopen his removal proceedings to re-apply for asylum, withholding of removal, and relief under the Convention Against Torture based on changed conditions in India. *In re Pargat Singh,* No. A 205 442 726 (B.I.A. Feb. 9, 2022). We assume the parties' familiarity with the underlying facts and procedural history.

We review the BIA's denial of a motion to reopen for abuse of discretion and its country conditions determination for substantial evidence. *Jian Hui Shao v. Mukasey*, 546 F.3d 138, 168–69 (2d Cir. 2008). "We will identify such abuse only if the Board's decision inexplicably departs from established policies or is so devoid

2

of rational explanation as to raise concern that it acted in an arbitrary or capricious manner." *Scarlett v. Barr*, 957 F.3d 316, 326 (2d Cir. 2020) (internal quotation marks omitted).

A petitioner may move to reopen no later than 90 days after the final administrative decision. 8 U.S.C. § 1229a(c)(7)(C)(i); 8 C.F.R. § 1003.2(c)(2). It is undisputed that Singh's January 2020 motion was untimely: the BIA issued the final administrative decision in December 2017. The 90-day deadline does not apply, however, if reopening is sought to apply for asylum and the motion is "based on changed country conditions arising in the country of nationality or the country to which removal has been ordered, if such evidence is material and was not available and would not have been discovered or presented at the previous proceedings." 8 U.S.C. § 1229a(c)(7)(C)(ii); *see also* 8 C.F.R. § 1003.2(c)(3). Singh alleged that changed conditions warranted reopening because the police in India had abused his wife for her political activities with the Shiromani Akali Dal Mann ("Mann Party"); they had told her they were still looking for him because of his past activities for that party; and conditions in India had generally deteriorated, particularly for religious minorities.

The BIA did not abuse its discretion in denying the motion to reopen. In the underlying removal proceedings, the agency denied relief having found Singh not credible as to his alleged past persecution as a member of the Mann Party. That underlying determination was based on inconsistencies as to when Singh joined that party and when he cut his hair (a departure from traditional Sikh practice) in relation to the alleged persecution and decision to leave India, and on inadequacies in his supporting affidavits, which either did not confirm alleged arrests or were otherwise unreliable. The political persecution claim advanced by Singh in his motion to reopen is predicated on the same or similar assertions— i.e., that the police targeted him because he was an active member of the Mann Party. Thus, to establish changed conditions, Singh had first to rebut the agency's earlier adverse credibility determination with regard to his claims. *See Kaur v. BIA*, 413 F.3d 232, 234 (2d Cir. 2005) (upholding BIA's denial of a motion to reopen because "evidence submitted by petitioner . . . was not 'material' because it did not rebut the adverse credibility finding that provided the basis for the IJ's denial of petitioner's underlying asylum application").

Singh did not do so. He submitted his own statement about what his wife

4

told him and statements from his wife and a fellow villager about an alleged police visit to his home. He also submitted country conditions evidence—a State Department report on human rights practices in India and a report of the U.S. Commission on International Religious Freedom ("USCIRF"). This evidence does not rebut the underlying adverse credibility determination because it does not explain or resolve the inconsistencies in Singh's testimony and case that occurred at the original hearing. Moreover, the BIA was not required to credit the new statements from Singh's wife and a fellow villager given the underlying adverse credibility determination. *See Qin Wen Zheng v. Gonzales*, 500 F.3d 143, 147–48 (2d Cir. 2007) (finding no error in BIA's decision not to credit a document presented with a motion to reopen where applicant was found not credible in the underlying proceedings); *see also Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013) ("defer[ring] to the agency's determination of the weight afforded to an alien's documentary evidence" and upholding BIA's decision not to credit letter from applicant's spouse). Nor does the country conditions evidence reflect a material change in relevant conditions in India. *See* 8 U.S.C. § 1229a(c)(7)(C)(ii) (requiring evidence that "is material"). The underlying adverse credibility determination

was based on inconsistencies related to Singh's political activity and his religious affiliation (or, at least, the outward manifestations of that affiliation). While, as Singh points out, the country conditions evidence reflects significant and varied problems in India, he presents no objective evidence to connect those issues with his own situation; absent credible testimony, he has not identified why he would be of interest to government officials or law enforcement.

Finally, we lack jurisdiction to review the BIA's "entirely discretionary" determination not to reopen sua sponte. *Li Chen v. Garland*, 43 F.4th 244, 249, 251– 52 (2d Cir. 2022) (internal quotation marks omitted).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court

6